

FILED

May 01 2020, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy Karozos
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| F.A., *Appellant-Defendant,* | May 1, 2020 |
| v. | Court of Appeals Case No. 19A-JV-2438 |
| | Appeal from the Lawrence Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Nathan Nikirk, Judge |
| | Trial Court Cause No. 47C01-1908-JD-270 47C01-1906-JD-206 47C01-1904-JD-151 47C01-1904-JS-125 |

**Tavitas, Judge.**

## Case Summary

[1] F.A. appeals the juvenile court's order requiring F.A. and her mother to reimburse the costs of F.A.'s secure detention. We reverse and remand.

## Issues

[2] F.A. raises two issues, which we consolidate and restate as whether the juvenile court abused its discretion in ordering F.A. and her mother to reimburse the costs of F.A.'s secure detention.

## Facts

[3] In April 2019, the State filed a delinquency petition against F.A. for "committing the status offense of Runaway." Appellant's App. Vol. II p. 220. Also in April 2019, the State filed another delinquency petition alleging that F.A. committed acts that would be escape if committed by an adult, a Level 6 felony. F.A. admitted the allegations of both petitions.

[4] In June 2019, the State filed a third delinquency petition alleging that F.A. committed the status offense of runaway and acts that would be escape if committed by an adult, a Level 6 felony. F.A. admitted the allegations of the third petition, and at a dispositional hearing for all three of these petitions, the juvenile court ordered F.A. to participate in a problem-solving court program.

[5] In August 2019, the State filed a fourth delinquency petition alleging that F.A. committed acts that would be two counts of resisting law enforcement if committed by an adult, Class A misdemeanors, and unauthorized entry of a motor vehicle if committed by an adult, a Class B misdemeanor. F.A. admitted to one count of resisting law enforcement if committed by an adult, Class A misdemeanors, and unauthorized entry of a motor vehicle if committed by an

adult, a Class B misdemeanor. The juvenile court placed F.A. at Crossroad Child and Family Services ("Crossroad").

[6] In September 2019, however, F.A. left Crossroad without permission. The State filed a petition to modify probation based on the new offenses and the offenses of runaway and escape from Crossroad. F.A. was then terminated from the problem-solving court.

[7] In September 2019, the juvenile court held a dispositional hearing for the four delinquency cases. The probation department's pre-dispositional report left the parents' financial information blank except for noting that F.A.'s mother receives $645.00 per month in "food stamps." Appellant's App. Vol. II p. 83. The trial court did not inquire into F.A.'s ability to pay or her mother's ability to pay at the dispositional hearing.[1]

[8] The juvenile court awarded "wardship of the juvenile to the Indiana Department of Correction [("DOC")] for housing in any correctional facility for children." Appellant's App. Vol. II p. 7. In a separate order, the juvenile court ordered F.A. and her mother to pay the following: (1) $20.00 for a drug screen;

---

[1] There was minimal discussion during the hearing of the fees and costs to be assessed to F.A. and her mother. During the hearing, the following interaction occurred between the juvenile court and F.A.'s counsel:

THE COURT: Mr. Andis, witnesses or evidence in regards to the dispositional hearing?

MR. ANDIS: No, Your Honor. As we discussed before this is something that we're amenable to.

Tr. Vol. II p. 13. It is unclear whether F.A.'s counsel was referring to the award of wardship of F.A. to the DOC or the fees and costs later ordered.

(2) $15.00 for an informal adjustment fee; (3) $290.00 for a problem solving court fee; (4) $328.00 for home detention fees; (5) $176.00 for court costs; (6) $575.00 for restitution; and (7) $11,475.00 in secure detention costs, for total fees of $12,879.00.[2]  The juvenile court then ordered F.A.'s mother "to ensure and guarantee that all fees and costs are paid as ordered." *Id.* at 11.

## Analysis

[9]     F.A. appeals the juvenile court's order requiring F.A. and her mother to pay the costs of secure detention.  We review the award of such costs for an abuse of discretion.  *E.M. v. State*, 128 N.E.3d 1, 6 (Ind. Ct. App. 2019).  An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court.  *Schuler v. State*, 132 N.E.3d 903, 904 (Ind. 2019).

[10]    On appeal, F.A. makes no argument concerning the juvenile court's imposition of the drug screen fee, the informal adjustment fee, the problem solving court fee, the home detention fees, the restitution, or the court costs.  Rather, F.A.'s arguments pertain only to the secure detention costs.  Accordingly, we will

---

[2] The fees pertained to five causes: 47C01-1903-JM-90; 47C01-1904-JS-125; 47C01-1904-JD-151; 47C01-1906-JD-206; and 47C01-1908-JD-270.  The record does not include details regarding Cause No. 47C01-1903-JM-90.

address only the juvenile court's imposition of secure detention costs in the amount of $11,475.00.[3]

[11] F.A. argues: (1) the juvenile court abused its discretion by imposing secure detention costs without inquiring into F.A.'s and F.A.'s mother's ability to pay; (2) the juvenile court abused its discretion by ordering F.A. to pay the secure detention costs; and (3) the juvenile court erred by failing to consider the Child Support Rules and Guidelines. The State concedes that the juvenile court was required to inquire into F.A.'s and her mother's ability to pay the secure detention costs. The State, however, does not address F.A.'s remaining arguments.

[12] Addressing F.A.'s arguments requires that we interpret the reimbursement statutes. When interpreting a statute, our primary goal is to fulfill the legislature's intent. *State v. Brown*, 70 N.E.3d 331, 334 (Ind. 2017). The "best evidence" of that intent is the statute's language. *Id.* If that language is clear and unambiguous, we simply apply its plain and ordinary meaning. *Id.*

[13] F.A.'s arguments concern the trial court's imposition of the costs of secure detention. Indiana Code Section 31-40-1-1.5(a) defines "costs of secure detention" as:

---

[3] F.A. notes in her Appellant's Brief that the courts in the county at issue here have ordered parents to pay substantial reimbursements in several cases. *See E.M. v. State*, 128 N.E.3d 1, 6 (Ind. Ct. App. 2019); *J.T. v. State*, 111 N.E.3d 1019 (Ind. Ct. App. 2018), *trans. denied*.

all expenses relating to any of the following items:

(1) Construction, repair, operation, maintenance, and administration of a secure detention facility.

(2) Room, board, supervision, and support services for housing at a secure detention facility of a child who has been:

> (A) taken into custody under IC 31-37-5 and placed in a secure detention facility for purposes of court proceedings under IC 31-37; or

> (B) placed in a secure detention facility under IC 31-37-19-6 or IC 31-37-19-10.

(3) Services provided by the department[4], a county probation office, or any service provider contracted by the department or county probation office if the services are provided:

> (A) to or for the benefit of the child;

> (B) under or consistent with the terms of a dispositional decree entered in accordance with IC 31-37-19-6 or IC 31-37-19-10; and

> (C) during the time the child is housed in a secure detention facility.

---

[4] The "department" in this statutory chapter refers to the Department of Child Services ("DCS"). *See* Ind. Code §§ 31-9-2-38.5; 31-25-2-1.

[14] The reimbursement of secure detention costs is governed by Indiana Code Chapter 31-40-1. "The right to reimbursement, however, is not unlimited", and the juvenile court must comply with the reimbursement statutes. *E.M.*, 128 N.E.3d at 5. There are different reimbursement statutes depending upon whether DCS or the county is obligated to pay for the services. According to F.A., the secure detention costs at issue here were the obligation of the county. *See* Appellant's Br. p. 16. The State, however, does not address the issue and cites Indiana Code Section 31-40-1-3, which pertains to costs for services provided by DCS. The answer is not clear from the record presented to us.[5] Accordingly, we will address both scenarios.

[15] We begin by addressing the statutes applicable to DCS. Indiana Code Section 31-40-1-2(c) provides: "Except as provided under section 2.5[6] of this chapter,

---

[5] It would be helpful for appellate review if the applicable statute was mentioned in the reimbursement order.

[6] Indiana Code Section 31-40-1-2.5 provides:

    (a) This section applies to a child who is:

        (1) adjudicated a child in need of services under IC 31-34;

        (2) a party in a pending child in need of services proceeding under the jurisdiction of a juvenile court;

        (3) receiving services for which payment has been made by the department under a case plan and a dispositional decree in the child in need of services proceeding; and

        (4) placed in a secure detention facility by order of a juvenile court, based on a determination by the juvenile court that the child committed, or that probable cause exists to believe that the child committed, a delinquent act described in IC 31-37-1-2 at a time after adjudication in the child in need of services case.

    (b) The department may, by agreement with the probation office of the juvenile court in which the delinquency case is pending, pay the cost of specified services for a child described in subsection (a), during the time the child is placed in a secure detention facility.

    (c) An agreement under this section must specify:

[DCS] is not responsible for payment of any costs of secure detention." Even in cases where DCS is responsible for the payment of secure detention costs under Indiana Code Section 31-40-1-2.5, Indiana Code Section 31-40-1-3 provides, in relevant part:

> (a) A parent or guardian of the estate of:
>
>> (1) a child adjudicated a delinquent child or a child in need of services; or
>>
>> (2) a participant in a program of informal adjustment approved by a juvenile court under IC 31-34-8 or IC 31-37-9;

---

(1) the particular services that will be paid by the department during the time the child is placed in a secure detention facility;

(2) the term[s] of the agreement;

(3) any procedure or limitations relating to amendment or extension of the agreement; and

(4) any other provision that the parties consider necessary or appropriate.

(d) The child's case plan in a child in need of services case, as prepared and approved by the department under IC 31-34-15, shall be attached to and made a part of the agreement.

(e) An agreement under this section:

(1) shall be signed by:

(A) the director of the department; and

(B) the judge of the juvenile court that ordered or approved placement of the child in the secure detention facility; and

(2) may not be considered to be a contract for purposes of IC 4-13-2.

There is no indication in the record that F.A. fell under this statute or that DCS and the probation department entered into such an agreement.

is financially responsible as provided in this chapter (or IC 31-6-4-18(e) before its repeal) for any services provided by or through the department.

(b) Each person described in subsection (a) shall, before a hearing under subsection (c) concerning payment or reimbursement of costs, furnish the court and the department with an accurately completed and current child support obligation worksheet on the same form that is prescribed by the Indiana supreme court for child support orders.

(c) At:

> (1) a detention hearing;

> (2) a hearing that is held after the payment of costs by the department under section 2 of this chapter (or IC 31-6-4-18(b) before its repeal);

> (3) the dispositional hearing; or

> (4) any other hearing to consider modification of a dispositional decree;

the juvenile court shall order the child's parents or the guardian of the child's estate to pay for, or reimburse the department for the cost of services provided to the child or the parent or guardian unless the court makes a specific finding that the parent or guardian is unable to pay or that justice would not be served by ordering payment from the parent or guardian.

[16] Where the *county* is responsible for the costs of secure detention, Indiana Code Section 31-40-1-2(f) provides:

If a county is responsible for the payment of:

> (1) any costs or expenses of services for or the placement of a child in need of services; or

> (2) the costs or expenses of services for or the placement of a delinquent child;

the court may order the parents to reimburse the county as set forth in section 3.8 of this chapter.

[17]     Section 3.8 addresses the reimbursement of a county's costs of services or placement and provides, in relevant part:

> (a) If a county is responsible for the payment of:

> > (1) any costs or expenses of services for or the placement of a child in need of services; or

> > (2) the costs or expenses of services for or the placement of a delinquent child under section 2 of this chapter;

> the juvenile court ordering the services that the county is responsible for may hold a hearing. The juvenile court shall use the Child Support Rules and Guidelines of the Indiana supreme court and the child support obligation worksheet developed by the Indiana supreme court to determine what each parent should pay for the services provided for the child under this section. If the parent participates with the treatment plans developed by the department or court, the parent or parents are entitled to receive a parenting time credit under the Child Support Rules and Guidelines.

(b) Each person described in subsection (a) shall, before a hearing under subsection (c) concerning payment or reimbursement of costs, furnish the court with an accurately completed and current child support obligation worksheet on the same form that is prescribed by the Indiana supreme court for child support orders.

(c) At:

> (1) a detention hearing;

> (2) a hearing that is held after the payment of costs by the county;

> (3) the dispositional hearing; or

> (4) any other hearing to consider modification of a dispositional decree;

the juvenile court shall order the child's parents to pay for, or reimburse the county for, the cost of services provided to the child or the parent unless the court makes a specific finding that the parent is unable to pay or that justice would not be served by ordering payment from the parent.

\* \* \* \* \*

Ind. Code § 31-40-1-3.8 (emphasis added). With these statutes in mind, we will address F.A.'s arguments.

### A. Inquiry Into Parent's Ability To Pay

[18]     Regardless of whether DCS or the county is responsible for paying the services, the statutes provide that a delinquent child's parents are financially responsible for any services ordered by the court and must provide reimbursement unless the court determines that they are unable to pay or that justice would not be served by ordering payment from the parent. *See* I.C. § 31-40-1-3(c); I.C. § 31-40-1-3.8(c); *see also E.M.*, 128 N.E.3d at 5. "Thus, implicit in an order for parents to reimburse costs is that parents are able to pay and that such is in the interest of justice." *E.M.*, 128 N.E.3d at 7. This Court has held that "the reimbursement statute requires the juvenile court to inquire into parents' ability to pay and what justice requires for any given set of circumstances before it can order parents to pay or reimburse costs." *Id.*

[19]     F.A. argues the juvenile court failed to inquire into F.A.'s mother's ability to pay. The State concedes that the juvenile court failed to properly inquire into F.A.'s and her mother's ability to pay and that remand is necessary. Accordingly, we reverse and remand for the juvenile court to conduct an inquiry into F.A.'s mother's ability to pay. *See, e.g., id.* at 7 (requiring the juvenile court to inquire into the juvenile's parents' ability to pay).

### B. Order for F.A. to Pay

[20]     F.A. also argues that the juvenile court did not have statutory authority to order her to pay the costs of secure detention. The State, however, does not address this argument. Both the reimbursement statutes applicable to DCS and the

statues applicable to the county allow the juvenile court to order the child's *parents* to pay such costs. *See* I.C. § 31-40-1-3(c) ("[T]he juvenile court shall order the *child's parents or the guardian of the child's estate* to pay . . . ."); I.C. § 31-40-1-3.8 ("[T]he juvenile court shall order the *child's parents* to pay . . . ."). The statutes do not allow the juvenile court to order *the child* to pay the costs of secure detention. Accordingly, the juvenile court erred by ordering F.A. to pay the costs of secure detention. We reverse the juvenile court's order that F.A. pay such costs of secure detention.

## C. Child Support Rules and Guidelines

[21] F.A. also argues that the reimbursement is limited by the Child Support Rules and Guidelines. Where the county is responsible for the costs of secure detention, Indiana Code Section 31-40-1-3.8 provides in relevant part:

> (a) . . . . The juvenile court shall use the Child Support Rules and Guidelines of the Indiana supreme court and the child support obligation worksheet developed by the Indiana supreme court to determine what each parent should pay for the services provided for the child under this section. If the parent participates with the treatment plans developed by the department or court, the parent or parents are entitled to receive a parenting time credit under the Child Support Rules and Guidelines.

> (b) Each person described in subsection (a) shall, before a hearing under subsection (c) concerning payment or reimbursement of costs, furnish the court with an accurately completed and current child support obligation worksheet on the same form that is prescribed by the Indiana supreme court for child support orders.

Similarly, where DCS is responsible for the costs of secure detention, Indiana Code Section 31-40-1-3(b) provides:

> Each person described in subsection (a) shall, before a hearing under subsection (c) concerning payment or reimbursement of costs, furnish the court and the department with an accurately completed and current child support obligation worksheet on the same form that is prescribed by the Indiana supreme court for child support orders.

Accordingly, on remand, if the juvenile court orders F.A.'s mother to pay reimbursements, the juvenile court shall follow the applicable requirements related to the Child Support Rules and Guidelines.

## Conclusion

The juvenile court erred by failing to conduct an inquiry into F.A.'s mother's ability to pay the costs of secure detention. Moreover, the juvenile court erred by ordering F.A. to pay the costs of secure detention. Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

Mathias, J., concurs.

Riley, J., concurs in result without opinion.